## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MR. ALBERTO RODRIGO GUTIERREZ FLEIG  )
Urbanizacion Colinas De. Urubo, Calle 13  )
Santa Cruz  )
Bolivia  )
                                      )
                   Plaintiff,  )          CIV. ACTION NO.
                                        )
                   vs.  )
                                        )
U.S. DEPARTMENT OF STATE  )
2201 C Street, NW  )
Washington, DC 20520  )
                                      )
                  Defendant.  )

## COMPLAINT FOR INJUNCTIVE RELIEF

1. Plaintiff Alberto Rodrigo Gutierrez Fleig ("Mr. Gutierrez" or "Plaintiff") brings this action against the U.S. Department of State ("DOS" or "Defendant") under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to order the production of all agency records improperly withheld from the Plaintiff by Defendant concerning documentation in his file regarding his 2015 non-immigrant B-2 (tourist) visa application, its review, subsequent adjudication (denial), and basis for finding of inadmissibility as a drug trafficker.

## JURISDICTION AND VENUE

2. This court has jurisdiction over this action and venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3. Plaintiff, Alberto Rodrigo Gutierrez, is a native and citizen of Bolivia and is the requester of the records which Defendant is now withholding. Plaintiff has requested this information in

order to determine the basis for the finding of inadmissibility under Section 212(a)(2)(C)(i) of the Immigration and Nationality Act ("INA"), which is a permanent bar of inadmissibility to the United States for individuals the Attorney General knows or has reason to believe have been involved in the illicit trafficking of controlled substances. Plaintiff has no criminal record and has never been involved in drug trafficking.

4. Defendant, U.S. Department of State, is an agency of the United States government, within the meaning of 5 U.S.C. § 552(f)(1), and has possession and control of the documents that Plaintiff seeks.

## **FACTUAL BACKGROUND**

5. In late 2014, the Plaintiff electronically submitted with Defendant an application for a B-1/B-2 (Temporary Visitor) visa.   In 2015, Plaintiff attended an interview at the U.S. Embassy in La Paz, Bolivia regarding his application.   He subsequently received an undated denial letter from the U.S. Embassy denying his visa application and finding him inadmissible to the United States and under Section 212(a)(2)(C)(i) of the INA (reason to believe he is or was involved in drug trafficking).

6. As the Plaintiff has no criminal record in the United States or anywhere else in the world and has never been involved in any criminal activities, let alone drug trafficking, he requested, through undersigned Counsel, access to a complete copy of his non-immigrant visa file on April 16, 2015. A copy of this letter is attached as Exhibit 1.

7. By letter dated December 14, 2015 but postmarked February 4, 2016, Plaintiff was denied access by the Defendant to the requested information on the grounds that the records were exempt from disclosure as they were otherwise specifically protected from release by statute (8 U.S.C. §1202(f)) under Exemption 5 U.S.C. § 552(b)(3). A copy of this letter is attached as Exhibit

2

2.   Defendant only released to Plaintiff a copy of his DS-160 application and the undated B-2 visa denial and according to its letter, withheld eighteen (18) documents in full and two (2) in part.

8. By letter dated April 1, 2016, Plaintiff appealed the denial of this request. A copy of this letter is attached as Exhibit 3.   The disclosure of the documents being withheld is essential to determine the basis for the Plaintiff's permanent bar to admissibility to the United States.   The Board of Immigration Appeals has held that a finding of inadmissibility under the "reason to believe" provision be based on "reasonable, substantial, and probative evidence." See In re Rico, 16 I. & N. Dec. 181, 185 (BIA 1977).   "Reason to believe" may be established by a "conviction, an admission, a long record of arrests with an unexplained failure to prosecute by the local government, or several reliable and corroborative reports." U.S. Dep't of State, 9 Foreign Affairs Manual 40.23 Notes n. 2(b).   "The essence of the standard is that the consular officer must have more than a mere suspicion—there must exist a probability, **supported by evidence** that the alien is or has been engaged in trafficking.." *Id.* cited to by Garces v. U.S. Atty. Gen., 611 F.3d 1337, 1346 (11th Cir. 2010) (emphasis added). Defendant has refused to release the supporting evidence that is the basis for the probability of the "reason to believe" standard and has not even provided a description of the documents in the Plaintiff's file that suggest any drug trafficking activity.

9. By letter dated March 21, 2017, Plaintiff's appeal was denied. A copy of this letter is attached as Exhibit 4.   The letter states: "The Panel has determined that the seven documents must continue to be withheld in their entirety." *Id.* The original letter dated December 14, 2015 referenced twenty-one (21) documents and stated that eighteen (18) documents were withheld. Thus, Defendant's letters in response to Plaintiff's FOIA and FOIA Appeal are contradictory as to the exact number of documents being withheld.

3

10. Plaintiff has a right of access to the requested information under 5 U.S.C. § 552(b)(3), and there is no legal basis for defendant's denial of such access. Furthermore, the exact number of documents being withheld is also at issue.

## CAUSES OF ACTION

11. Plaintiff repeats and re-alleges paragraphs 1-10.

12. Defendant's wrongful withholding of non-exempt responsive materials violates the FOIA, 5 U.S.C. § 552(a)(3)(A).

## REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Order Defendant to conduct a thorough search for all responsive records;

2. Order Defendant to promptly disclose the requested records in their entirety and make copies available to Plaintiff;

3. Award Plaintiff costs and reasonable attorney's fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

4. Grant such other and further relief as may deem just and proper.

Respectfully submitted,

August 9, 2017

Larry S. Rifkin, Esq.
DC Bar ID#: 0013
Rifkin & Fox-Isicoff, PA
1110 Brickell Ave, Suite 600
Miami, FL 33131
Phone: (305) 371-2777
Fax: (305) 375-9517
Lsrifkin@rifkinfox.com
Counsel for Plaintiff

4